IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RAYMOND WALTERS                                            PETITIONER

v.                    NO. 5:19-cv-00357 DPM/PSH

DEXTER PAYNE                                               RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In June of 2003, petitioner Raymond D. Walters ("Walters") was convicted in Garland County Circuit Court and sentenced to custody of the Arkansas Department of Correction ("ADC"). He appealed his conviction and challenged the sufficiency of the evidence to support his conviction and the trial court's determination that he was competent to stand trial. The Arkansas Supreme Court found no reversible error and affirmed his conviction in September of 2004. See Walters v. State, 358 Ark. 439, 193 S.W.3d 257 (2004).

In November of 2019, Walters began the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he challenged the sufficiency of the evidence to support his conviction and the legal representation afforded him by his trial attorney.[1]

---

[1] Respondent Dexter Payne notes that Walters' petition contains certain historical misstatements.

> … For instance, [Walters] states that he pleaded guilty to rape, that he did not appeal from the judgment of conviction, that he had a bench trial, and that there was no DNA evidence in the case. In fact, [he] never pleaded guilty. He was convicted at a jury trial. He appealed from his conviction to the Arkansas Supreme Court, and DNA evidence established that his semen was on the victim's clothing. See Walters, 358 Ark. 439, 193 S.W.3d 257 (2004).

See Docket Entry 11 at CM/ECF 3-4.

Respondent Dexter Payne ("Payne") thereafter filed a response to the petition. In the response, he maintained that the petition should be dismissed because it is time barred and, alternatively, because the claims are either procedurally barred from federal court review or without merit. He supported his assertion of a time bar by making note of the following:

> Since the affirmance of [Walters'] conviction on direct appeal in 2004, [he] has not sought any form of relief in any court, state or federal. He never filed a petition for postconviction relief pursuant to Ark. R. Crim. P. 37 in the state courts; he has not filed any other type of petition in the state courts, and he never sought federal habeas relief until he filed his current petition on November 15, 2019. …

See Docket Entry 11 at CM/ECF 3.

Before giving serious consideration to Payne's assertions, the undersigned invited Walters to file a reply in which he could explain why his petition should not be dismissed for the reasons advanced by Payne. Walters filed nothing in reply, and the time for doing so has now passed.

A state prisoner has one year during which he may file a petition pursuant to 28 U.S.C. 2254. If he does not file his petition within that one-year period, and the untimely filing of the petition is not excused, the petition is barred. 28 U.S.C. 2244(d) provides that the one-year period begins from the latest of one of four dates or events.

Payne maintains that the limitations period in this case is found at 28 U.S.C. 2244(d)(1)(A), which provides that the one-year period begins on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Payne maintains that the one-year period here began in December of 2004, or ninety days after the Arkansas Supreme Court affirmed Walter's conviction, and Walters had one year from December of 2004 to file a timely petition pursuant to 28 U.S.C. 2254.

Payne's position has merit and is adopted. The undersigned finds that the one-year period here began in December of 2004, and Walters had up to December of 2005 to file a timely petition pursuant to 28 U.S.C. 2254. Because he waited until November of 2019 to file the petition at bar, it is untimely. The only question is whether equitable tolling is warranted in this instance.[2]

It is well settled that the one-year period for filing a timely petition pursuant to 28 U.S.C. 2254 may be equitably tolled in appropriate cases. See Gordon v. Arkansas, 823 F.3d 1188 (8th Cir. 2016).

---

[2] 28 U.S.C. 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. The application of that provision need not be considered because Walters never filed an application for state post-conviction or other collateral review.

4

> ... "Equitable tolling ... asks whether federal courts may excuse a petitioner's failure to comply with federal timing rules, an inquiry that does not implicate a state court's interpretation of state law." ... "[E[quitable tolling affords the otherwise time-barred petitioner an exceeding narrow window of relief. ..." ... "The one-year statute of limitations may be equitably tolled 'only if [the movant] shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.'" ...

See Id., at 1195. [Citations and italics omitted].

Walters maintains that he has a "limited mental capacity," "suffers from a severe learning disability," and is housed in a "Special Needs Unit" as a result of his inability to "properly meet his own daily personal living needs." See Docket Entry 6 at CM/ECF 1. Liberally construing his pro se pleadings, he asks that the one-year period be equitably tolled because of his mental impairment and learning disability.

Although a petitioner's mental impairment or learning disability may justify equitable tolling, equitable tolling is not warranted in this instance because Walters cannot show that an extraordinary circumstance stood in his way and prevented him from filing a timely petition pursuant to 28 U.S.C. 2254. For the reasons that follow, he has failed to show that his mental impairment or learning disability was so severe it prevented him from filing a timely petition.

First, Walters has not submitted any school or medical records touching on his mental impairment or learning disability. He has therefore failed to substantiate his claim of a mental impairment or learning disability so severe as to prevent him from filing a timely petition pursuant to 28 U.S.C. 2254.

Second, Walters underwent two forensic evaluations prior to trial. See Docket Entry 11, Exhibit 1-Part 1-Record Volume 1 at CM/ECF 55-62, CM/ECF 119-125. The results of the evaluations reflect that he has a history of mental health treatment, in part, for what was characterized as an intermittent explosive disorder. WAIS-III testing was performed, and the results yielded a Verbal IQ score of seventy-two, a Performance IQ score of seventy, and a Full Scale IQ score of sixty-nine. Walters was diagnosed with unspecified psychotic and personality disorders and mild mental retardation, although malingering was suspected. A reasonable interpretation of the results is that while Walters has a history of mental health treatment and suffers from mild mental retardation, his mental impairment and learning disability were not so severe as to prevent him from filing a timely petition pursuant to 28 U.S.C. 2254.[3]

---

[3] There is nothing to suggest that Walters' mental impairment or learning disability became more severe between the time of the evaluations and the period during which he could have filed a timely petition pursuant to 28 U.S.C. 2254.

Notwithstanding the foregoing, a showing of actual innocence may excuse the untimely filing of a petition pursuant to 28 U.S.C. 2254. See McQuiggin v. Perkins, 569 U.S. 383 (2013). "The actual innocence exception is demanding and seldom met and 'tenable actual-innocence gateway pleas are rare.'" See Story v. Kelley, 2018 WL 3193807, 1 (E.D. Ark. 2018) (Baker, J.) [quoting McQuiggin v. Perkins, 569 U.S. 386-87]. "A petitioner 'does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" See Id. [quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)].

The actual innocence gateway affords Walters no benefit here. He has offered no new evidence suggesting that he is innocent. In short, he cannot show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Given the foregoing, Walters' petition is untimely as it was filed several years after the conclusion of the one-year period. There is no reason for tolling the one-year period or otherwise excusing the untimely filing of his petition. It is therefore time barred. The undersigned recommends that the petition be dismissed, all requested relief be denied, and judgment be entered for Payne.


DATED this 29th day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE